**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William DAYE, III, Defendant-Appellant.**

**No. 81–6118.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 31, 1983.

---

Neil H. Jaffee, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Kenneth Lipman, Asst. U.S. Atty., Atlee W. Wampler, III, U.S. Atty., Miami, Fla., Francis J. Martin, Atty., Dept. of Justice, Crim. Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before FAY and CLARK, Circuit Judges, and MARKEY *, Chief Judge.

PER CURIAM:

This is an appeal by William Daye III of his conviction as a juvenile of three counts of assault under 18 U.S.C. Section 113(a), (c), (f) and Section 1153. His appeal raises three issues. First, whether he was unconstitutionally deprived of a jury trial; second, whether the government failed to comply with the certification requirements of 18 U.S.C. Section 5032; and, third, whether the district court properly exercised jurisdiction over his case.

We resolve all three issues in favor of the United States and affirm the conviction.

I. Facts

The appellant, William Daye III, a juvenile, was arrested for possession of marijuana on the Miccosukee Indian Reservation located in the Everglades National Park in Dade County, Florida. At the police station, Daye became violent, stabbed the arresting officer, and escaped. Later the same night, Daye was again arrested at his home.

* Honorable Howard T. Markey, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

Daye was tried on three charges,—assault with intent to commit murder, assault with a dangerous weapon with intent to do bodily harm and assault resulting in serious bodily injury, all in violation of 18 U.S.C. Section 113(a), (c), (f) and Section 1153 in a non-jury trial after his motion for a jury trial was denied. He was found guilty of all counts and was sentenced to incarceration until the expiration of his minority.

II.   Discussion

A.   Jury Trial

The former Fifth Circuit's holding that there is no constitutional right to jury trial in federal juvenile proceedings, *United States v. Cuomo,* 525 F.2d 1285 (5th Cir. 1976), is binding on this court and controlling on this issue. *Bonner v. City of Pritchard,* 661 F.2d 1206 (11th Cir.1981). We so hold.

B.   Certification

18 U.S.C. Section 5032 requires that a juvenile "shall not be proceeded against ... unless the Attorney General ... certifies that state authorities do not have, or will not assume, jurisdiction over the juvenile, or do not have available programs or services adequate for the needs of the juvenile." The appellant argues that the United States Attorney, who made the certification in this case, has not been delegated the authority to do so by the Attorney General. However, in the case of *United States v. Cuomo, supra,* we upheld the general delegation of such authority to United States Attorneys. We find appellant's argument that this authority must be specifically delegated in each case without merit.

C.   Jurisdiction

The assault took place on Indian lands which are located in the Everglades National Park. When the park was created in 1934, Florida ceded exclusive jurisdiction over the entire land area to the United States. 16 U.S.C. Section 410 et seq. Congress has plenary and exclusive power over Indian affairs and the states may exercise their jurisdiction only if Congress has "expressly provided that State law shall apply." *McClanahan v. Arizona State Tax Commission,* 411 U.S. 164, 93 S.Ct. 1257, 36 L.Ed.2d 129 (1973); *Washington v. Yakima Indian Nation,* 439 U.S. 463, 99 S.Ct. 740, 58 L.Ed.2d 740 (1979); 18 U.S.C. Section 1152. In 1953 Congress did allow states which so chose to assume civil and criminal jurisdiction over Indians within their borders. Public Law 280, Act of August 15, 1953, 67 Stat. 590.[1]  Florida assumed this jurisdiction.  Fla.Stat. Section 285.16 (1961).  The Federal statute provides that a state may acquire jurisdiction over Indian affairs to the extent that it has jurisdiction over offenses committed elsewhere in the state. But, because the Everglades National Park remains in the exclusive jurisdiction of the federal government, Florida has not and cannot extend its jurisdiction to cover Indian lands located within the Park.

Thus the information filed by the United States Attorney under 18 U.S.C. Section 5032 was correct in asserting the absence of jurisdiction in the State of Florida and should not have been dismissed.

The conviction is affirmed.

---

1.   This provision was later repealed, Public Law 90–284, 82 Stat. 79 (1968), but this did not affect any cession of jurisdiction made prior to its repeal.